IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50943
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

WALTER MANSFIELD,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. SA-96-CR-250-1)
- - - - - - - - - -
August 6, 1998
Before SMITH, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Walter Mansfield appeals his convictions for conspiracy to import cocaine and heroin in violation of 21 U.S.C. §§ 963, 952(a), and 960(a)(1), and for use of a passport secured by false statements to facilitate drug trafficking in violation of 18 U.S.C. § 1542. Mansfield argues that, with respect to the charges of using a fraudulently-obtained passport, the government failed to adduce sufficient evidence to establish venue in the Western District of Texas, where he was tried. Mansfield

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also contends that the evidence adduced at trial was insufficient to support his convictions for conspiracy to import cocaine and heroin. He further asserts that the district court erred in overruling his objection that the statement of one of his coconspirators constitutes hearsay. Finally, Mansfield urges that his trial counsel was ineffective for neglecting to request that the venue issue be submitted to the jury.

The Western District of Texas was the proper venue in which to try Mansfield as that was the judicial district in which he was arrested. See 18 U.S.C. § 3238. The evidence adduced at trial sufficiently established that Mansfield had participated in a conspiracy to import cocaine and heroin. See United States v. Ramirez, ____ F.3d ____, No. 96-11075, 1998 WL 344222, at *2 (5th Cir. June 29, 1998); United States v. Paul, 142 F.3d 836, 839 (5th Cir. 1998). The statement of Mansfield's coconspirator, Jaime Gil, was in furtherance of the conspiracy and, hence, is excluded from the hearsay rule by Fed. R. Evid. 801(d)(2)(E). See United States v. Magee, 821 F.2d 234, 244 (5th Cir. 1987). Finally, as the Western District of Texas was the proper venue for Mansfield's trial, his trial counsel was not constitutionally ineffective for not requesting that the issue be submitted to the jury. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
AFFIRMED.

2